UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LEE SIMMONS,

Plaintiff,

v.

MRS. HANSEN, DR. UNGER, and
C.C.A. MEDICAL DEPARTMENT,

Defendant.

Civil No. 00-992 (PAM/FLN)

**ORDER**

Plaintiff, a prisoner at the Prairie Correctional Facility in Appleton, Minnesota, commenced this action on April 18, 2000, by filing a complaint in which he claims that he is being denied proper medical care. The matter is presently before the Court on Plaintiff's "Application To Proceed Without Prepayment Of Fees And Affidavit," (Docket No. 4), by which he seeks leave to proceed in forma pauperis, ("IFP").

Because Plaintiff is a prisoner, his IFP application is subject to the applicable provisions of the Prison Litigation Reform Act, ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, which became effective on April 26, 1996. Following the enactment of the PLRA, 28 U.S.C. § 1915(b) now provides that --

> "(1) ... if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . .

APR 21 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."

(Emphasis added.)

Thus, under the PLRA, prisoners who are granted IFP status are not excused from paying the court filing fee altogether, (as is the case for non-prisoner IFP litigants). Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. "The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

The PLRA also specifically requires that prisoners seeking IFP status must submit not only the normal affidavit in support of their claim of indigence, (which is required of all IFP applicants pursuant to § 1915(a)(1)), but also "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint... obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2) (emphasis added). Certified trust account information is required so that the Court can determine the initial

partial filing fee that the prisoner will have to pay pursuant to § 1915(b)(1). In this District, prisoners can satisfy the requirement of § 1915(a)(2) by submitting the IFP application form prescribed for use in this District, provided that the "certificate" portion of the application form is completed and signed by an appropriate prison official.

In the present case, Plaintiff has not complied with the requirements of § 1915(a)(2), because his IFP application does not provide the certified information regarding his prisoner trust account that is required by § 1915(a)(2).[1] As a result, the Court is unable to determine the amount of the initial partial filing fee that Plaintiff will have to pay before his action can go forward. To correct this deficiency, Plaintiff should submit a new IFP application on the form currently prescribed for use in this District. That application, including the "certificate" portion of the form, must be properly completed, signed by an appropriate prison official, and filed with the Court. The Clerk of Court will be directed to provide a copy of that form with this Order.

In addition to filing a new IFP application, Plaintiff also must remit his initial partial filing fee to the Clerk of Court. According to § 1915(b)(1), (quoted above), that fee will be twenty percent (20%) of the greater of (A) the average monthly deposits to Plaintiff's account; or (B) the average monthly balance in his account, during the 6-month period immediately preceding the filing of the complaint. No further action will be taken in this matter until the statutorily prescribed initial partial filing fee has been paid to the Clerk of

---

[1] The Court has not overlooked the "Trust Account Deposit Receipt" that is attached to Petitioner's IFP application. That document is inadequate, however, because it is not certified by a prison official, and because it does not provide sufficient information to determine Plaintiff's average monthly balance and average monthly deposits during the past six months.

Court.[2] After Plaintiff has paid his initial partial filing fee pursuant to § 1915(b)(1), the remaining balance of the $150 filing fee will have to be paid in installments, as prescribed by § 1915(b)(2).

Plaintiff will be required to submit both (a) a new, properly completed, IFP application, and (b) the full amount of his initial partial filing fee, within thirty days after the date of this order. If he fails to do so, it will be recommended that the action be dismissed, without prejudice, for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).

If Plaintiff submits both a proper IFP application and his initial partial filing fee within the time allowed, this action will be allowed to go forward. In that event, however, the complaint still will have to be "screened" pursuant to 28 U.S.C. § 1915A to determine whether Plaintiff has stated a claim on which relief can be granted. Only if Plaintiff's pleading survives such screening will the Court grant IFP status and order that a summons be issued and that Defendants be served by the U.S. Marshal.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall provide Plaintiff with a copy of the IFP application

---

[2] If Plaintiff's custodian is unwilling to provide the certified trust account information required by § 1915(a)(2), or if the custodian will not allow Plaintiff to remit the initial partial filing fee required by § 1915(b)(1), then Plaintiff may bring that matter to the Court's attention by filing an affidavit describing, in detail, all of the steps he has taken to comply with the requirements of §§ 1915(a)(2) and 1915(b)(1). Such affidavit shall set forth a summary description of all communications between Plaintiff and prison officials regarding his application for IFP status, including the names of the individuals with whom Plaintiff has communicated.

form that is currently prescribed for use in this District;

2. Within thirty days after the date of this order Plaintiff shall submit both (a) a new IFP application on the form prescribed for use in this District, and (b) the correct amount of the initial partial filing fee required under 28 U.S.C. § 1915(b)(1); and

3. In the event that Plaintiff fails to submit the new IFP application and initial partial filing fee within thirty days after the date of this order, it will be recommended that the action be dismissed without prejudice.

Dated: April 20, 2000

FRANKLIN L. NOEL
Chief Magistrate Judge