UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

LEE SIMMONS,

Plaintiff,

v.

MRS. HANSEN, DR. UNGER, and
C.C.A. MEDICAL DEPARTMENT,

Defendant.

---

Civil No. 00-992 (PAM/FLN)

**ORDER**

Plaintiff, a prisoner at the Prairie Correctional Facility in Appleton, Minnesota, commenced this action on April 18, 2000, by filing a complaint in which he claims that he is being denied proper medical care. Plaintiff did not tender the $150 filing fee (required by 28 U.S.C. § 1914(a)) with his complaint; he instead submitted an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 4.)

Plaintiff's original IFP application was defective, however, because it did not include certified inmate trust account information, as required by 28 U.S.C. § 1915(a)(2), nor was it accompanied by any initial partial filing fee, as required by 28 U.S.C. § 1915(b)(1). Those two defects were called to Plaintiff's attention in the Court's prior order dated April 20, 2000. (Docket No. 5.) That order gave Plaintiff thirty days to cure the defects found in his original IFP application. The order specifically informed Plaintiff that he must submit both (1) a new, properly completed IFP application, (i.e., one that included the certified trust account information required by § 1915(a)(2)), and (2) the initial partial filing fee required pursuant to the formula set forth at § 1915(b)(1). Plaintiff was cautioned that this action would be subject to summary dismissal if he did not comply with both of those

JUN 0 5 2000
FILED__________
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD__________
DEPUTY CLERK__________

requirements in a timely manner.

On May 8, 2000, Plaintiff filed a new IFP application, which includes the certified trust account information required by § 1915(a)(2). (Docket No. 11.) To date, however, Plaintiff has not tendered any initial partial filing fee. Because the Court-imposed deadline for paying the initial partial filing fee has now passed, and the fee has not been paid, this action could properly be dismissed, (without prejudice), for non-compliance with the Court's prior order.

However, on May 30, 2000, the Court received a one-page correspondence from Plaintiff, (Docket No. 13), which indicates that he is waiting for the Court to inform him of the amount of his initial partial filing fee in this case. Plaintiff has failed to explain why he has been unable to apply the formula set forth at § 1915(b)(1) (and quoted in the Court's prior order), and determine for himself the correct amount of his initial partial filing fee. Nevertheless, the Court will now make the computation for Plaintiff, and provide him with one last opportunity to pay the requisite fee.

The "CERTIFICATE" portion of Plaintiff's new IFP application shows average monthly deposits to his prison trust account (for the last four months[1]) in the amount of $57.74, and an average monthly balance (during the same period) of $32.52. Because the

---

[1] Although the applicable statute requires prisoner IFP applicants to provide financial information for the six-month period preceding the filing of an action, it appears that Plaintiff in this case has made a good faith effort to comply with the IFP rules. Furthermore, it appears that Plaintiff may have had little control over the financial information provided with his IFP application. Such information presumably was supplied by prison officials at the institution where Plaintiff is confined, (as is required by § 1915(a)(2)), rather than by Plaintiff himself. Plaintiff's initial partial filing fee will therefore have to be determined on the basis of the limited financial information provided with his IFP application.

average monthly deposit amount is greater than the average monthly balance, Plaintiff's initial partial filing fee will be twenty percent (20%) of the former amount. Thus, Plaintiff's initial partial filing fee will be $11.55, ($57.74 x 20% = $11.55).

Plaintiff will be required to pay his initial partial filing fee of $11.55 within twenty (20) days after the date of this order. No further action will be taken in this matter until such fee is paid. If Plaintiff fails to pay his initial partial filing fee within the time allowed, he will be deemed to have abandoned this action, and it will be recommended that the action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

Plaintiff shall pay an initial partial filing fee in the amount of $11.55 within twenty (20) days after the date of this letter, failing which it will be recommended that this action be dismissed without prejudice.

Dated: June 2, 2000

FRANKLIN L. NOEL
Chief Magistrate Judge