UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LEE SIMMONS,

Plaintiff,

v.

HANSEN,
DR. UNGER,
R.N. RENS,
DR. SAM,
CCA/P.C.F. MEDICAL DEPARTMENT,
and WILLIE,

Defendants.

Civil No. 00-992 (PAM/FLN)

ORDER

Plaintiff, a prisoner at the Prairie Correctional Facility, in Appleton, Minnesota, has filed an action under 42 U.S.C. § 1983. In a separate Report and Recommendation filed contemporaneously with this Order, it has been recommended that the action be dismissed pursuant to 28 U.S.C. § 1915A(b) as to Defendants Hansen, Dr. Unger, R.N. Rens, Dr. Sam, and CCA/P.C.F., and that Plaintiff be allowed to prosecute his claims against the one remaining Defendant (Willie) at this time. The matter is now before the Court on Plaintiff's two pending requests for leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 4 and 11.) Also before the Court at this time is Plaintiff's request for appointment of counsel. (Docket No. 2.)

1. The IFP Applications

Plaintiff's IFP applications will be GRANTED, which means that Plaintiff will be excused from pre-paying the full filing fee. However, Plaintiff will be required to pay the unpaid balance of the filing fee, (in this case, the full $150), in installments pursuant to 28

FILED 7 20 00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

U.S.C. § 1915(b)(2). Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). The Clerk of Court will be directed to provide notice of this requirement to the prison authorities at the institution where Plaintiff is confined.

Because IFP status has been granted, Plaintiff is entitled to have the one remaining Defendant -- Defendant Willie -- served by the U.S. Marshal. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). A summons shall therefore be issued, and the U.S. Marshal will be directed to serve the summons and Plaintiff's second amended complaint, (Docket No. 9), upon Defendant Willie.

The Court will presently defer any ruling on the legal sufficiency of Plaintiff's claims against Defendant Willie. (See 28 U.S.C. § 1915A.) If service of process is effected on him, he will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this Order shall be served with the summons and second amended complaint, so that Defendant Willie will be apprised of his obligation to file a responsive pleading.

2. Motion For Appointment Of Counsel

Also before the Court at this time is Plaintiff's motion for appointment of counsel. (Docket No. 2.) Pro se litigants, (whether prisoners or non-prisoners), do not have a constitutional or statutory right to counsel in civil cases. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel in cases such as this one is

a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues and whether both the litigant and the Court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues raised in this case are so complex as to warrant appointment of counsel. It appears to this Court that Plaintiff has the threshold ability to articulate his claims and to argue his positions. His submissions in this matter to date demonstrate that he is able to communicate effectively with the Court. In addition, the Court is presently satisfied that appointment of counsel would not substantially benefit the Court or Plaintiff. Plaintiff's request for counsel will therefore be denied.

**CONCLUSION**

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's request for leave to proceed in forma pauperis, (Docket Nos. 4 and 11), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action -- namely the full $150 required by 28 U.S.C. § 1914(a) -- in the manner prescribed by 28 U.S.C. § 1915(b)(2); and the Clerk of Court shall provide notice of this requirement to prison

authorities at the institution where Plaintiff is confined;

3. The Clerk of Court shall issue a summons, and the Marshal shall attempt to serve the summons and a copy of Plaintiff's second amended complaint upon the one remaining Defendant in this action -- Defendant Willie.

4. A copy of this Order shall be served together with the summons and Plaintiff's pleading;

5. If service of process is effected upon Defendant Willie, he shall be required to file a response to Plaintiff's pleading; and

6. Plaintiff's Motion for Appointment of Counsel, (Docket No. 2), is DENIED.

7/20/00

FRANKLIN L. NOEL
Chief Magistrate Judge