UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LEE SIMMONS,

Plaintiff,

v.

C. WILLE,

Defendant.

Civil No. 00-992 (PAM/FLN)

**REPORT AND RECOMMENDATION**

**THIS MATTER** is now before the Court on Defendant C. Wille's Motion for Dismissal and/or Summary Judgment [# 30] and has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. As discussed more fully below, the Court finds that Plaintiff's claims cannot be entertained at this time because: (1) he has failed to state a claim for which relief can be granted; and (2) he did not exhaust his available administrative remedies, as required by 42 U.S.C. § 1997e(a).

## I. BACKGROUND

Plaintiff, an inmate at the Prairie Correctional Facility ("PCF") in Appleton, Minnesota, is seeking relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. (See Docket No. 1.) Plaintiff initially filed his suit against Defendant Wille ("Wille"), an employee of PCF, and a number of employees of its medical subcontractor; however, this Court dismissed the claims against all medical Defendants pursuant to 28 U.S.C. § 1915A(b). (See Lee Simmons v. Hansen, et al., Report and Recommendation, Civ. No. 00-922 (PAM/FLN) (July 20, 2000).) We allowed the Plaintiff's claims against Wille to proceed without prejudice to any defenses Wille may raise. (Id.) Wille now brings this motion for dismissal or summary judgment on the grounds that

MAY 30 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff failed to state a claim for which relief can be granted because: (1) an inmate does not have an independent constitutional right to access a prison grievance system; (2) he cannot show that he was engaged in a constitutionally protected activity; (3) Wille was not personally involved when Plaintiff was placed in segregation allegedly in retaliation for submitting complaints to the Warden and to the Court; (4) he cannot prove that his placement in segregation would not have occurred "but for" his allegedly protected activity; and (5) he has failed to exhaust his administrative remedies with regard to his retaliation claim as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). For purposes of this motion, the facts are viewed in the light most favorable to Plaintiff. See Rabushka, ex rel. United States v. Crane Co., 122 F.3d 559 (8th Cir. 1997).

Plaintiff believes that Wille denied him access to the PCF grievance system and caused Plaintiff to be placed in segregated confinement in retaliation for submitting his grievances to the Warden and to the Court. (See Second Amended Complaint [Docket No. 9] (erroneously identified as "Third Amended Complaint").) Plaintiff was transferred to PCF on January 21, 2000, (See Second Amended Complaint), and first met Case Manager Wille on January 27, 2000. (See Aff. of Lee Simmons, [Docket No. 38].) From February 22 through February 25, 2000, Plaintiff was placed in segregation at his own request for purposes of administrative custody. (Id.)

On March 27, 2000, Wille asked Plaintiff to re-submit some grievance papers he filled out incorrectly. (See Aff. of Lee Simmons, [Docket No. 38]; Second Amended Complaint.) Plaintiff believed that Wille's actions were meant to induce him to "lie on the grievance . . . [by not allowing Plaintiff] to tell the way it happened." (See Second Amended Complaint, ¶ 11.) According to Wille, Plaintiff became visibly upset and used his right hand to swing at the papers, striking Wille's right

hand. (Id.) Plaintiff was placed in punitive segregation from March 27 through April 1, 2000, after pleading guilty to the charge of threatening staff. (See Def.'s Mem. in Supp. of Mot. to Dismiss and/or Summ. J. at 7 ("Def.'s Supp. Mem.").) Shortly after May 16, 2000, Plaintiff was reassigned to Case Manager Thorson. (Id.)

On June 1, 2000, Plaintiff was placed in protective custody by the Chief of Security. (Def.'s Supp. Mem. at 9-10.) While in protective custody, he received three disciplinary write-ups on June 2, 3, and on July 10, 2000. (Id.) Plaintiff was found guilty of the disciplinary offenses and received approximately 60 days of punitive segregation to be served consecutively from June 8 to August 7, 2000. (Id.) As a result of these disciplinary violations Plaintiff was reclassified as "close custody" and on August 4, 2000, his segregation status was changed from disciplinary detention to administrative detention.[1] (Id.)

Plaintiff contends that the above-described acts and omissions by Wille violated his First Amendment right of "redress of grievance to the courts" and Fourteenth Amendment right of "due process of grievance." (Second Amended Complaint, ¶ 11.) He is seeking compensatory and punitive damages (in unspecified amounts), as well as a "permanent injunction preventing the PCF staff from continuing discrimination acts against gay or bisexual inmates." (See Second Amended Complaint.)

---

[1] Because PCF is licensed as a medium security facility, inmates reclassified as "close custody" must be removed from the general population until their return to their sending facility or transfer to another facility. (See Def.'s Supp. Mem., Aff. of Riches, ¶ 16.)

## II. DISCUSSION

### A. Standard of Review

In the case of a defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the court is limited to considering the allegations of the complaint,[2] must take those allegations as true, and must view the complaint in the light most favorable to the plaintiff. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Ring v. First Interstate Mfg., Inc., 984 F.2d 924 (8th Cir. 1993); Klett v. Pim, 965 F.2d 587, 589 (8th Cir. 1992); United States v. Aceto Agric. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989); Toombs v. Bell, 798 F.2d 297, 298 (8th Cir. 1986). The court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the offense necessary for recovery. See 5 Wright & Miller, Federal Practice and Procedure: Civil, §§ 1216 at 120 (1969). A complaint is sufficient if it contains "allegations from which an inference can be drawn that evidence on . . . material points will be introduced at trial." Id. at 122-23. Moreover, a court should not dismiss a complaint unless it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46. Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982); see also Palmer v. Tracor, Inc., 856 F.2d 1131 (8th Cir. 1988); Baxley-DeLamar

---

[2]Only facts alleged in a complaint and material attached to the complaint, which form part of the pleadings, are properly considered on a motion to dismiss. See County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 n.3 (8th Cir. 1997). In their memoranda, the parties reference other documents that have been filed with the Court. The Court will not consider those documents and chooses not to convert the motion into one for summary judgment.

Monuments Inc. v. American Cemetery Ass'n, 843 F.2d 1154 (8th Cir. 1988).

A court should afford a pro se litigant the benefit of the doubt in construing his or her pleadings and factual averments. See Malek v. Camp, 822 F.2d 812 (8th Cir. 1987); Miller v. Solem, 728 F.2d 1020 (8th Cir. 1984), cert. denied, 469 U.S. 841 (1984). Pro se plaintiffs must, however, meet the same standards as litigants represented by counsel to survive a summary judgment motion or a motion to dismiss, that is, "the complaint must allege facts which, if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980); Quam v. Minnehaha County Jail, 821 F.2d 522 (8th Cir. 1987); see also, Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions").

**B. Analysis**

**1. Plaintiff's Denial of "Due Process of Grievance" Claim**

Plaintiff has attempted to state a "retaliation" claim against Wille, alleging that his attempts to bring grievances against the medical staff were denied by Wille on two separate occasions, thus denying him "due process of grievance" in violation of the Fourteenth Amendment.

To state an actionable retaliation claim, a prisoner must allege facts showing that the defendant imposed some disciplinary sanction against him in retaliation for actions protected by the Constitution. See Goff v. Burton, 7 F.3d 734, 738 (8th Cir. 1993) (prison officials may not "impose a disciplinary sanction against a prisoner in retaliation for the prisoner's exercise of his constitutional right").

In viewing the evidence in the light most favorable to the non-moving party, Plaintiff's retaliation claim against Wille is defective because the prison grievance procedure confers no

substantive right protected by the Fourteenth Amendment. See Moore v. Thurber, 105 F.3d 663 (8th Cir. 1997); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). A prison official's failure to process inmates' grievances, without more, is not actionable under § 1983; a grievance procedure is a procedural right only, and does not confer any substantive right on an inmate. See Buckley, 997 F.2d at 495. While the Court does not approve of a prison official's refusal to process inmate grievances, Wille's alleged failure to process Plaintiff's grievances cannot give rise to a § 1983 retaliation claim, nor is it otherwise an offense of constitutional magnitude.[3] Accordingly, this Court will recommend that Plaintiff's denial of due process claim be dismissed because it fails to state a claim upon which relief can be granted.

**2. Plaintiff's "Redress of Grievance to the Courts" Claim**

Plaintiff's other "retaliation" claim alleges that Wille placed Plaintiff in segregation in retaliation for submitting complaints to the Court and Warden in violation of his First Amendment rights. 42 U.S.C. § 1997e(a) was enacted in 1996 as part of the PLRA. § 1997e(a) provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This statute establishes, unequivocally, that prisoners must exhaust their available administrative

---

[3] The PLRA gives district courts the power to dismiss some claims on their merits even when administrative remedies have not been exhausted:

> In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

42 U.S.C. § 1997e(c)(2).

remedies before pursuing a federal court action based on the conditions of confinement. Wille contends that Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a); therefore, this Court must consider how the exhaustion requirement of § 1997e(a) may be applicable here. See Perez v. Wisconsin Department of Corrections, 182 F.3d 532, 1999 WL 424311 at *3 (7th Cir. 1999) (the exhaustion requirement established by § 1997e(a) "can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit").

**(i) Applicability of § 1997e(a) to Plaintiff's "Redress of Grievance" Claims**

The exhaustion requirement prescribed by § 1997e(a) does not apply to every prisoner action; it applies only to actions brought with respect to prison conditions under 42 U.S.C. § 1983 or other federal laws, by a prisoner confined in any jail, prison or other correctional facility. There seems to be no doubt or dispute, however, as to whether § 1997e(a) is applicable to the claims that Plaintiff is seeking to litigate here. He was (and still is) confined in a correctional facility. The caption of his complaint explicitly states that he is seeking relief under 42 U.S.C. § 1983, and he obviously is contending that Defendants should be held liable for violating his rights under federal law and/or the Constitution. It also is clear that his claims, which involve his medical treatment, segregation and First Amendment rights, are "brought with respect to prison conditions." See Perez, 1999 WL 424311 at *1 (7 th Cir. 1999) ("complaints about medical treatment in prison are complaints about 'prison conditions'"); Brown v. Toombs, 139 F.3d 1102, 1103 (6th Cir.) cert. denied, 119 S.Ct. 88 (1998)(applying § 1997e(a) where prisoner's claims included "placing him in 'top-of-bed restraints,' denial of medical treatment, food, water, and toilet facilities, denial of access to the courts, and interference with legal mail"); Alexander v. Hawk, 159 F.3d 1321, 1322 (11th Cir. 1998). Thus, the Court concludes that § 1997e(a) is applicable to the claims that Plaintiff is attempting to present

here.

**(ii) Purpose of the Exhaustion Requirement**

"Congress intended section 1997e(a) to 'curtail the ability of prisoners to bring frivolous and malicious lawsuits by forcing prisoners to exhaust all administrative remedies before bringing suit in Federal court.'" Alexander, 159 F.3d at 1324. The Eighth Circuit Court of Appeals has identified at least four valuable objectives that are generally promoted by an exhaustion requirement. First, it helps to ensure a more complete development of the factual record before the matter is brought into court. Second, it gives the court the benefit of whatever special knowledge and experience the administrative agency, (in this case the prison), might have to offer. Third, it acknowledges the autonomy and authority of administrative agencies (and prison officials). Finally, to the extent that claims can be resolved at the administrative level, an exhaustion requirement promotes judicial economy. See Mason v. Ciccone, 531 F.2d 867, 870 (8th Cir. 1976); McCarthy v. Madigan, 503 U.S. 140, 145 (1992). When a litigant fails to satisfy an exhaustion of administrative remedies requirement, he deprives the judicial process of these valuable benefits. The Court bears this in mind when examining the applicability of § 1997e(a) in this case.

**(iii) Administrative Remedies Available at PCF**

Defendant's evidentiary submissions show that there were administrative remedy procedures in place at PCF at the time of the events giving rise to Plaintiff's present claims. Plaintiff acknowledges that he was aware of such procedures, and that his attempts to use them were "denied by [Wille] two times because they [were] against staff." (Second Amended Complaint, ¶13.)

The PCF administrative remedy process can be summarized as follows: the aggrieved inmate must first attempt to resolve his concerns by raising them informally with an appropriate staff

member. (See Def.'s Supp. Mem., Aff. of P. Swenson, Ex. A.) The informal process must be commenced within 15 days of the alleged incident or occurrence. (Id., Ex. B.) The first informal step is the preparation of an inmate grievance checklist which is obtained from the inmate's case manager. (Id., Ex. C.) Once the checklist is completed and returned, the case manager prepares the grievance worksheet.

If the problem cannot be resolved through informal discussions, then the inmate must initiate a formal, 3-step grievance procedure no later than 30 calendar days after final action was decided which results in a formal grievance being initiated. (See Def.'s Supp. Mem., Aff. of P. Swenson, Ex. A.) The first step is to prepare a written explanation of the problem on the prescribed "step 1" grievance form, and file it with the inmate's case manager. (Id.) The inmate is to receive a response to his formal grievance within 25 working days. (Id.) If the inmate's problem is not resolved, he may proceed to step 2, which is, in effect, an appeal to a designated "inmate grievance manager." (Id.) If the problem is not satisfactorily resolved at step 2, the inmate may proceed to step 3, which is a final appeal to the Warden.[4] (Id.)

The grievance procedures are applicable to a broad range of complaints, including but not limited to, complaints by inmates regarding policies and conditions within PCF that affect them personally, as well as actions by employees and inmates, and incidents occurring within the facility that affect them personally. (Id.) The procedures prescribe certain time limits within which inmates must act and prison officials must respond. (Id.) There also are special provisions governing

---

[4] The grievance procedures that were in effect when Plaintiff arrived at PCF were set forth in a policy statement designated as No. 14-102. (A Copy of the policy statement is included in the record as Exhibit A and attached to the Affidavit of P. Swenson).

emergency situations. (Id.) The remedies available under the grievance procedures are broadly defined as a meaningful response, action, restitution or redress. (Id.)

**(iv) Plaintiff's Pursuit of Administrative Remedies**

The record clearly shows that Plaintiff did not exhaust his administrative remedies with respect to his "redress of grievance" claim that he is attempting to pursue in the present lawsuit. At most, it appears that Plaintiff took the preliminary step of informally presenting his claim to Wille. It does not appear, however, that Plaintiff actually initiated the formal, 3-step grievance process with respect to any of his claims, and he certainly did not exhaust his administrative remedies by following that process through to completion, nor did he attach the required documentation purporting to show completion of any part of the process. See McAlphin v. Morgan, 216 F.3d 680, 682 (8th Cir. 2000). Thus, the Court must consider whether Plaintiff should, for any reason, be excused from the exhaustion requirement of § 1997e(a).

**(v) Plaintiff's Excuses for Non-exhaustion**

Plaintiff argues that he should be exempted from the exhaustion requirement because he is in a private facility. (See Second Amended Complaint.) However, the Court is not aware of any legal authority suggesting that the current version of § 1997e(a) exempts inmates in private institutions from exhausting available administrative remedies. Accordingly, Plaintiff's offered excuse for failing to exhaust his administrative remedies will not suffice.

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff did not exhaust the administrative remedies that were available to him at PCF, and that he cannot be excused from the exhaustion requirement set forth at § 1997e(a). He is therefore barred by § 1997e(a) from bringing

his present "redress of grievance" claim into federal court.

The PCF grievance program provides that "an extension [for pursuing a grievance] may be granted by the inmate's Case Manager at his/her discretion." (Def.'s Supp. Mem., Affidavit of P. Swenson, Exhibit A,§ 14-102.5 B.4.c.)) Because it appears that Plaintiff may still be able to pursue his current claims through the PCF grievance program, by seeking permission to file a late grievance, this action should be dismissed without prejudice, so that Plaintiff can attempt to exhaust his administrative remedies and then return to federal court. See Boles v. EMSA Correctional Care, Inc., 230 F.3d 1362, 2000 WL 1532963 (8th Cir. 2000) (unpublished).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that

1. Insofar as Defendant's Motion to Dismiss and/or for Summary Judgment, (Docket No. 30) pertains to Plaintiff's denial of due process claim, it should be **GRANTED**;

2. Insofar as Defendant's Motion to Dismiss and/or for Summary Judgment, (Docket No. 30) pertains to the remaining "redress of grievance" claim, it should be **DISMISSED WITHOUT PREJUDICE**.

Dated: May 30, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of service of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service of the objections. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.